# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VINCENT BETTS,

                           Petitioner,                   Case No.  2:13-cv-14472
                                                                  Honorable Denise Page Hood

v.

STEVEN RIVARD,

                           Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Wayne Circuit Court of first-degree premeditated murder, MICH. COMP. LAWS § 750.316, four counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, carrying a firearm with unlawful intent, MICH. COMP. LAWS § 750.226, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to mandatory life imprisonment for the murder conviction, and to prison terms of 23-to-40 years for each of the four assault with intent to murder convictions, 3-to-5 years for the felon in possession of a firearm conviction, 3-to-5 years for the carrying a firearm conviction, and two years for the

felony-firearm conviction.

The petition alleges that: 1) insufficient evidence was presented at trial to sustain Petitioner's convictions; 2) the prosecutor failed to produce a witness at trial; 3) the trial court erroneously allowed the dismissal of an African-American juror; 4) Petitioner was denied the effective assistance of trial counsel; 5) Petitioner was denied the effective assistance of appellate counsel; 6) the prosecutor committed misconduct; and 7) the trial court erroneously denied Petitioner's motion for relief from judgment.

Respondent filed an answer to the petition, asserting in part that the petition was filed after the expiration of the one-year statute of limitations applicable to habeas actions under 28 U.S.C. § 224(d). Petitioner has not filed a reply. The Court concludes that the petition must be dismissed because it was untimely filed, and Petitioner has not demonstrated entitlement to equitable tolling. The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

Petitioner's convictions result from the shooting of five men who were sitting in a van. One of the men died. The prosecutor's theory was that Petitioner shot at the van because of an earlier confrontation at a residence between the individuals involved. The shooting was witnessed by several bystanders who identified Petitioner as the shooter. One such person testified that she had dated Petitioner and knew him

for about ten years. She testified that she was standing a few feet away from the van when she saw Petitioner shooting at it. Petitioner presented another set of witnesses who testified that either they did not see Petitioner with a gun or he was at another location at the time of the shooting. The jury apparently chose to believe the prosecution's witnesses and found him guilty.

Following his convictions and sentencing, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant is entitled to a fair trial where there was insufficient evidence to find for the offense of first-degree murder.

> II. Defendant's conviction and sentence for assault with intent to murder as to Mr. Hubbard should be vacated because his due process rights were violated where Mr. Hubbard failed to appear for trial.

> III. The evidence is insufficient to sustain Defendant's conviction of first-degree murder and assault with intent to murder; alternatively, the verdict is against the great weight of the evidence; it would be a denial of due process and a miscarriage of justice to allow Defendant's conviction to stand.

> IV. The prosecutor denied Defendant a fair trial by failing to exercise due diligence to produce a crucial, endorsed witness; the trial court failed to conduct a due diligence hearing; and defense counsel was ineffective for failing to request hearing or dismissal of the case, and failing to object to the omission of the missing witness instruction.

> V. Defendant is entitled to a new trial where the trial court abused its discretion on several occasions during the course of the proceeding; where impermissible racial prejudice was used to an alternate juror; allowing an alternate juror to start anew after he was instructed to; and foreclosing the rereading of testimony to alternate juror.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision. *People v. Betts*, No. 282399, 2009 WL 1099987 (Mich. Ct. App. April 23, 2009). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims. The Michigan Supreme Court denied the application on October 26, 2009. *People v. Betts*, 773 N.W.2d 692 (Mich. 2009).

On October 12, 2010, Petitioner filed a motion for relief from judgment in the trial court, and then a supplemental motion, raising the following claims:

> I. Defendant's constitutional right to effective counsel was violated by appellate counsel.
>
> II. Defendant's constitutional right to due process was violated by prosecuting attorney.
>
> III. Defendant's constitutional right to effective assistance of counsel was violated by appellate counsel.
>
> IV. Appellate counsel failed to raise in direct appeal a claim of ineffective assistance of trial counsel for failing to obtain medical records of prosecution's witness and failing to request a medical expert.
>
> V. Appellate counsel failed to raise in appeal a claim of ineffective assistance of trial counsel for failing to investigate and introduce video surveillance recording of Defendant's whereabouts into evidence.

The trial court denied the  motion for relief from judgment in an orders dated March 2, 2011, and April 8, 2011. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, appealing the denial of his motion for

-4-

relief from judgment. On May 2, 2012, the Michigan Court of Appeals denied the delayed application for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *People v. Betts*, No. 306629 (Mich. Ct. App. May 2, 2012). Petitioner filed an application for leave to appeal this decision in the Michigan Supreme Court. But on October 22, 2012, the Michigan Supreme Court denied leave to appeal. *People v. Betts*, 821 N.W.2d 556 (Mich. 2012).

Petitioner signed and dated his present habeas petition on October 21, 2013, and it was filed with the Court on October 24, 2013.

## II. Discussion

Respondent contends that the petition is subject to dismissal because it was filed after expiration of the one-year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points apply to this case. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. *See* §§ 2244(d)(1)(B)-(D). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 26, 2009. The time for filing a petition for a writ of certiorari in the United States Supreme Court expired ninety days later, on Monday, January 25, 2010. The

-6-

limitations period began running the next day, January 26, 2010.

The limitations period continued to run from that date until Petitioner filed his motion for relief from judgment in the state trial court on October 12, 2010. The filing of the motion acted to toll the limitations period under 28 U.S.C §2244(d)(2). *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).   At that point 258 days of the limitations period had already run. A state post-conviction  proceeding tolls the limitations period, it does not restart the one-year clock. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

On October 23, 2012, the Michigan Supreme Court denied Petitioner's application for leave to appeal. After that day Petitioner no longer had any state post-conviction review proceeding pending, and so the limitations period began running again on October 24, 2012. Petitioner commenced this action on October 21, 2013. During this second period, another 361 days ran on the limitations period. Adding the two periods together, 619 days, or well more than a year elapsed.

The petition is therefore time barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Id*. Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner has not filed a reply brief, nor does his petition address the timeliness of his petition. The petition claims that appellate counsel was ineffective for the manner in which pursued appellate relief, but even if that claim is accepted, it would not explain why Petitioner allowed nearly another year to pass from the time his state post-conviction review proceeding concluded to the time he initiated this action. The fact that Petitioner is likely untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements). Petitioner therefore has failed to demonstrate that he is entitled to equitable tolling.

Both the United States Supreme Court and the United States Court of Appeals

for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit recognizes that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. None of his claims are based on new evidence or seek to establish his actual innocence.

Accordingly, the Court finds that the petition was filed after expiration of the statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable

tolling. The case will be dismissed.

## III. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## IV. Order

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus **[Docket No. 1, filed October 24, 2013]** is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis is **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

-11-